UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| YOUNG SIL KOH, | ) | Case No. 22-10856-BFK |
| | ) | Chapter 13 |
| Debtor. | ) | |

**ORDER (A) DISMISSING CASE WITH PREJUDICE
AND (B) CERTIFYING CASE TO THE UNITED STATES DISTRICT
COURT FOR CRIMINAL CONTEMPT PROCEEDINGS**

On July 21, 2022, the Court held a hearing on the Court's Order to Show Cause why this bankruptcy case should not be dismissed with prejudice for an additional period and why further sanctions should not be imposed due to the Debtor filing the present case in violation of this Court's Orders dismissing the Debtor's four most recent cases and barring her from re-filing for a period of two years. (Docket No. 8). Neither the Debtor nor anyone representing the Debtor appeared for the hearing.

This is the Debtor's eighth bankruptcy case.[1] The Debtor filed this case on July 1, 2022, despite Orders dismissing each of the Debtor's four most recent bankruptcy cases with prejudice, each for a period of two years.[2] This the fourth time the Debtor has filed a bankruptcy petition within a "with prejudice" period. In light of the Debtor's repeated disregard for this Court's Orders, the Court finds that a referral for criminal contempt sanctions is in order.

---

[1] The Debtor's other cases are: 15-12330-RGM (Chapter 13); 16-10494-BFK (Chapter 13); 17-12645-BFK (Chapter 7); 19-14027-BFK (Chapter 13); 20-10676-BFK (Chapter 13); 20-11523-BFK (Chapter 13); and 22-10173-KHK (Chapter 13).
[2] *See* Order Dismissing Case with Prejudice, *In re Young Sil Koh*, 22-10173-KHK (Bankr. E.D. Va. Apr. 7, 2022) (Docket No. 31); Order Dismissing Case with Prejudice, *In re Young Sil Koh*, 20-11523-BFK (Bankr. E.D. Va. July 17, 2020) (Docket No. 21); Order Dismissing Case with Prejudice, *In re Young Sil Koh*, 20-10676-BFK (Bankr. E.D. Va. May 8, 2020) (Docket No. 34); Order Dismissing Case with Prejudice, *In re Young Sil Koh*, 19-14027-BFK (Bankr. E.D. Va. Jan. 14, 2020) (Docket No. 19).

1

It is clear to this Court that a bankruptcy judge has the power under Section 105(a) to hold a debtor in civil contempt. *Burd v. Walters* (*In re Walters*), 868 F.2d 665, 669 (4th Cir. 1989). Under 11 U.S.C. § 105(a), a bankruptcy court

> [M]ay issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code. No provision of the [Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules.

11 U.S.C. § 105(a).

The Fourth Circuit has seen "no reason to read into [Section 105] anything other than its plain meaning that a court of bankruptcy has authority to issue any order necessary or appropriate to carry out the provisions of the bankruptcy code," including contempt orders. *Walters*, 868 F.2d at 669. "A bankruptcy court's decision to impose sanctions for contempt is within the sound discretion and is, therefore, reversible only if that discretion has been abused." *In re Nat'l Heritage Found.*, 510 B.R. 526, 541 (E.D. Va. 2014) (citing *Walters*, 868 F.2d at 666).

Civil contempt differs from criminal contempt, though, in that civil contempt seeks only to "'coerc[e] the defendant to do' what a court had previously ordered him to do." *Turner v. Rogers*, 564 U.S. 431, 441-42 (2011) (quoting *Gompers v. Bucks Store & Range Co.*, 221 U.S. 418, 442 (1911)). "[O]nce a civil contemnor complies with the underlying order, he is purged of the contempt and is free . . . he 'carr[ies] the keys of [his] prison in [his] own pockets.'" *Id.* at 442 (citations omitted). "The distinction between civil and criminal contempt is particularly important because '[c]riminal contempt is a crime in every fundamental respect.'" *Souther v. Tate* (*In re Tate*), 521 B.R. 427, 440 (Bankr. S.D. Ga. 2014) (quoting *Bloom v. Ill.*, 391 U.S. 194, 201 (1968)). "[A]n order of punitive sanctions necessarily implicates the contemnor's criminal due process rights and the added procedural protections afforded under the Constitution." *Id.*

Section 401(3) of Title 18 of the U.S. Code provides:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401(3).

"In order to establish the offense of criminal contempt, the government must prove beyond a reasonable doubt that the defendant (1) violated 'a decree' (2) that was 'definite, clear, specific, and left no doubt or uncertainty in the minds of those to whom it was addressed,' and (3) that, in doing so, the defendant acted 'willfully, contumaciously, intentionally, [and] with a wrongful state of mind.'" *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 295 (4th Cir. 2000) (quoting *United States v. McMahon*, 104 F.3d 638, 642 (4th Cir. 1997)).

There was an Order in the Debtor's prior case, the Order of April 7, 2022, which was clear, definite, and specific. It left no uncertainty that the Debtor was ineligible to file another bankruptcy case for a period of two years. As previously noted, this is not the first time the Debtor violated this Court's Order barring her from refiling. Accordingly, the Court finds that the Debtor, in filing this bankruptcy case without complying with the Court's Order acted willfully, contumaciously, intentionally, and with a wrongful state of mind.

Accordingly, for the reasons herein and stated on the record at the hearing on July 21, 2022, the Court finds that the Debtor filed this case in bad faith, and it is

**ORDERED**:

1. This case is dismissed with prejudice to re-filing under any chapter of the Bankruptcy Code in this or any other court for a period of **two years** from the entry of this Order.

3

2. The automatic stay, as provided in § 362(a), shall not apply to any case filed by or against the Debtor, Ms. Koh, or by or against any assignee or transferee of the Debtor's property during the two-year period in which the Debtor is barred from filing.

3. The Court hereby certifies the above facts to the U.S. District Court in support of a finding of criminal contempt under 18 U.S.C. § 401(3).

4. The Debtor is advised that she will have 14 days from the entry of this Order to appeal by filing a Notice of Appeal with the Clerk of the Bankruptcy Court.

5. The Clerk will mail a copy of this Order, or give electronic notice of its entry, to the parties listed below.

Date: Jul 28 2022

Alexandria, Virginia

/s/ Brian F Kenney

The Honorable Brian F. Kenney
United States Bankruptcy Judge

Copies to:

Entered On Docket: Jul 28 2022

Young Sil Koh
6204 Otter Run Rd.
Clifton, VA 20124
*Chapter 13 Pro Se Debtor*

Thomas P. Gorman, Esquire
300 N. Washington St. Ste. 400
Alexandria, VA 22314
*Chapter 13 Trustee*

John P. Fitzgerald, III, Esquire
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Office of the U.S. Trustee*